**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In Re: | ) | |
| ROBERT M.A. NADEAU | ) | Chapter 7 |
| | ) | Case No. 07-20808-JBH |
| Debtor | ) | |
| PHOEBE MORSE, U.S. Trustee | ) | |
| Plaintiff | ) | |
| vs. | ) | Adv. Pro. No. 09-_____ |
| ROBERT M.A. NADEAU | ) | |
| Defendant | ) | |

**COMPLAINT TO REVOKE DISCHARGE**

United States Trustee (the "UST") hereby files this Complaint to Revoke Discharge of Robert M.A. Nadeau (the "Defendant"), pursuant to 11 U.S.C. §727(d) (the "Complaint"). In support of the Complaint, the UST respectfully represents as follows:

1. The Court has jurisdiction under 28 U.S.C. §§ 157(2)(A)(B)(E) and (J), 11 U.S.C.§ 101 et seq. (the "Code"), including 11 U.S.C. § 727(d) and the Standing Order of Reference of the United States District Court for the District of Maine.

2. This Complaint constitutes a core proceeding.

3. The Defendant filed a Chapter 7 petition on or about September 6, 2007. (the "Petition Date"). [DE 1]. The Defendant also filed his Statement of Financial Affairs ("SOFA") and Schedules of Assets and Liabilities ("Schedules") on September 6, 2007. [DE 1].

      4.     The Order granting a discharge to Defendant was entered February 26, 2008. [DE 64]. The Defendant's case has not been "closed" by the Court.

      5.     Question 16 on Schedule B of Defendant's Schedules requires identification of any and all "accounts receivable." Question 20 on Schedule B requires identification of all contingent claims. In response thereto, the Defendant made no reference in any portion of Schedule B to any claims held by him personally, arising out of his law practice, and made no reference to a claim against Barbara McDunnah.

      6.     At the Meeting of Creditors held pursuant to 11 U.S.C. § 341 on October 4, 2007, the Defendant was asked by John C. Turner, duly appointed Chapter 7 Trustee (the "Trustee") whether he was "suing" anyone other than those listed on his Schedules, to which he answered "no", adding that his law firm, Nadeau & Associates, P.A. ("Nadeau & Associates" or "the law firm"), had claims which probably would not be pursued by the law firm because the law firm's bankruptcy was imminent. Recording, § 341 meeting in Case No. 07-20808, October 4, 2007 at 8 minutes 59 seconds.

      7.     The Defendant did not disclose that he had personally taken action prior to October 4, 2007 to collect fees from Barbara McDunnah.

      8.     The Defendant did not disclose to the Trustee that an award had been issued on September 25, 2007 in the Defendant's favor by the Fee Arbitration Commission of the Maine Board of Bar Overseers (the "Fee Arbitration Award") in the amount of $15,246.03 against Barbara McDunnah. On October 4, 2007, Defendant made demand of Ms. McDunnah for payment.

      9.     The Defendant was also asked by the Trustee at the Meeting of Creditors on October 4, 2007, whether the Defendant held any notes or accounts receivable

"personally" and he answered "no". Id., at 9 min. 14 sec.

      10.      The Defendant was further asked at the Meeting of Creditors whether the assets of Nadeau & Associates had been transferred to a new entity and the Defendant replied that the accounts receivable of Nadeau & Associates had not been transferred, that collection of accounts would be applied to the debts of that entity, and that Nadeau & Associates would soon be filing a separate bankruptcy case. Id., at 11 min. 23 sec.

      11.      On February 7, 2008, Nadeau & Associates filed a voluntary Chapter 7 petition seeking relief from this Court and the case was docketed as Case No. 08-20099. [DE 1]. In its Schedules and Statement of Financial Affairs, the Defendant, as representative of the law firm, indicated that the law firm held a number of claims, including arbitration awards. However, a claim against Barbara McDunnah is not listed as a law firm account receivable either on Schedule B or in the Statement of Financial Affairs in Case No. 08-20099. The arbitration award against Ms. McDunnah is not identified in the law firm's Schedules or Statement of Financial Affairs.

      12.      Upon information and belief, as of the Petition Date, the Defendant was the owner of a claim he asserted against Barbara McDunnah prior to the date of the § 341 meeting.  The assertion of the claim by Defendant personally, against Ms. McDunnah resulted in an arbitration award in the Defendant's favor in the amount of $15,246.03 on September 25, 2007.

      13.      A verified Complaint was filed personally by the Defendant against Barbara McDunnah on October 6, 2008, in Springvale District Court, CV-08-376. Judgment entered in favor of Defendant on January 29, 2009.

      14.      The Defendant also testified that the law firm held accounts receivable and

that Ocean National Bank claimed a security interest in the law firm's accounts. With respect to the Defendant's estate, Ocean National Bank is listed as a creditor holding a claim without security or priority. Defendant's collection of a personal account receivable would not be subject to Ocean National Bank's security interest in the law firm's accounts receivable.

15. The Trustee relied upon the representations of the Defendant at the § 341 meetings of both the Defendant and the law firm and abandoned any interest in the law firm's accounts receivable on account of Ocean National Bank's security interest.

16. The representations at the Meeting of Creditors of the Defendant and the law firm with respect to the ownership of accounts receivable were false and as early as October 4, 2007, known by Defendant to be false. On the very same day Defendant testified at his § 341 meeting that he owned no accounts receivable and no contingent claims, he made demand for payment upon Ms. McDunnah and ultimately, when the Defendant sought to obtain a state court judgment to enforce the Fee Arbitration Award on October 6, 2008, he commenced a civil action against Barbara McDunnah in his own name.

17. In response to further demands for payment made by Defendant, following entry of the state court judgment, the UST believes that Ms. McDunnah threatened to inform the Trustee of Defendant's collection efforts. Following the threat, Defendant amended his Schedule B, 16 months following his § 341 meeting testimony and 350 days after his discharge.

18. The Defendant failed to schedule his ownership of the claim he held against Barbara McDunnah until February 10, 2009 when he filed an amended Schedule

4

B. [DE 88].  The Trustee was not aware of the Defendant's interest in the McDunnah claim until the Defendant contacted him in early February 2009.

19.    The UST was not aware of Defendant's interest in the McDunnah claim until advised by Trustee of Defendant's collection activity on February 24, 2009.

20.    The claim and judgment against Barbara McDunnah and any proceeds therefrom have been admitted by the Defendant to be property of his individual bankruptcy estate.

21.    Upon information and belief, the Defendant knowingly and fraudulently failed to disclose his ownership of the claim against Barbara McDunnah in his Schedules, or at his § 341 meeting, and concealed for a period of two years his collection activity with respect to his $15,246.03 claim against Ms. McDunnah.  A claim in the amount of $15,246.03 is a material estate asset.

22.    The Defendant is an experienced bankruptcy attorney.  According to CM/ECF of the U.S. Bankruptcy Court, District of Maine, he has filed 74 Maine bankruptcy cases from March 1999 through February 2009.

23.    The Defendant has exhibited a reckless disregard of the serious nature of the information sought by the Schedules and Statement of Financial Affairs and ignored his obligation to accurately and fully disclose all potential claims that were part of his bankruptcy estate.  Coupled with the fact that the claim against Barbara McDunnah was pursued and a civil action filed without the knowledge of the Trustee, the Defendant's behavior rises to the level of fraud.

WHEREFORE, the UST prays that the Court revoke the Defendant's discharge and for all other just and appropriate relief.

Dated: February 25, 2009   Respectfully submitted,

                                        PHOEBE MORSE
                                      UNITED STATES TRUSTEE, REG 1

                                      */s/ Stephen G. Morrell*
                                 By:   Stephen G. Morrell, Esq.
                                          Assistant U.S. Trustee
                                          Department of Justice
                                          Office of the U.S. Trustee
                                          537 Congress St., Ste. 303
                                          Portland, ME  04101
                                          (207) 780-3564 – Ext. 205